Charles G. Brown v. Commissioner.
Charles G. Brown v. Commissioner
Docket No. 21094.
United States Tax Court
1949 Tax Ct. Memo LEXIS 98; 8 T.C.M. (CCH) 717; T.C.M. (RIA) 49195; August 25, 1949
*98 John A. McCann, Esq., 818 Frick Bldg., Pittsburgh, 19, Pa., for the petitioner. Edwin P. Friedberg, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax for 1943, 1944 and 1945 in the amounts of $2,254.77, $382.50, and $3,714.28, respectively. The deficiency for 1943 is not contested. The only issue is whether the petitioner is entitled to deductions for 1944 and 1945 under section 23 (u) for payments made to his wife pursuant to an agreement dated November 30, 1944. Findings of Fact The petitioner filed his individual income tax returns for 1944 and 1945 with the collector of internal revenue for the twenty-third district of Pennsylvania. The petitioner was married to Helen Wolk Brown in 1927. They had one child, a son, born about 1929. The petitioner and his wife were not living together in the latter part of 1944 but they were never legally separated under a decree of separate maintenance. Helen Wolk Brown, in an equity proceeding, obtained a preliminary injunction in Allegheny County, Pennsylvania, on October 31, 1944, against the petitioner and a corporation by which he was *99 employed and in which he held stock, restraining the corporation from paying the petitioner salary, bonus or dividends, and from transferring his stock and requiring it to account to the court for money and stock of the petitioner in its hands, for the maintenance and support of the petitioner's wife and minor child. The petitioner was at that time in Reno, Nevada, for the purpose of obtaining there a divorce from his wife. He and his wife entered into an agreement dated November 30, 1944, which recited that the parties desired "to settle amicably the aforesaid Bill in Equity and thereby provide maintenance and support for the party of the first part [the wife], and for Richard Brown, minor child of the parties." The petitioner agreed to pay $112.50 weekly for the maintenance and support of his wife and child and to place $40,000 in escrow with a bank as a guarantee that he would make the payments. The payments were to continue "so long as the parties hereto are legally husband and wife under the laws of the Commonwealth of Pennsylvania" and the laws of Pennsylvania alone were to apply in determining whether the relationship of husband and wife exists. The promise to make the *100 payments was based upon "the present legal obligation of the" husband under the laws of Pennsylvania. The wife agreed not to molest the petitioner or to incur any bills for which the petitioner would be obligated and to discontinue the equity suit. The wife did not enter into the agreement as an incident to any divorce. The petitioner obtained a divorce in Nevada on December 7, 1944. The decree did not refer in any way to the agreement of November 30, 1944, to alimony, or to property of the parties. The petitioner paid Helen Wolk Brown $562.50 in 1944 and $5,962.50 in 1945 pursuant to the agreement of November 30, 1944. Those payments were not in discharge of a legal obligation which, because of the marital or family relationship, was imposed upon or incurred by the petitioner under a decree of divorce or under a written instrument incident to a divorce. The petitioner deducted $562.50 for 1944 and $5,962.50 for 1945 claimed under section 23 (u), I.R.C., and the Commissioner disallowed the claimed deductions in determining the deficiencies. The stipulation of facts is incorporated herein by this reference. Opinion MURDOCK, Judge: The petitioner claims *101 that the agreement of November 30, 1944, was incident to his Nevada divorce but his wife testified that it had nothing to do with the Nevada proceeding. The agreement was not mentioned in the decree of divorce. The agreement itself indicates that it was for maintenance and support of the wife and child under Pennsylvania law rather than for alimony. The petitioner has failed to show that the payments in question were taxable to Helen Wolk Brown under section 22 (k) or deductible by him under section 23 (u). Decision will be entered for the respondent.